# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GREENE : | |
| *Plaintiff* : | |
| : | |
| v. : | CIVIL ACTION NO. 19-4734 |
| : | |
| MARVIN GRAAF, *et al.*, : | |
| *Defendants* : | |

# M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                                                                           **OCTOBER 30, 2019**

*Pro se* Plaintiff John Greene, a frequent litigator in this Court, has lodged another, mostly incoherent Complaint naming 44 defendants. He has also filed an application to proceed *in forma pauperis*. For the following reasons, the Court will grant Greene leave to proceed without the pre-payment of fees and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS

Greene's Complaint is lengthy, redundant, difficult to comprehend, and contains numerous allegations without specific attribution to any named Defendant. He has also named individuals and entities as Defendants that he has sued in prior cases, alleging similar claims. Briefly iterated, Greene alleges that the Defendants illegally obtained his personal property, personal information, financial information, and access to his email accounts and dwelling. (ECF No. 2 at 6.) He asserts he was cyberstalked, assaulted, harassed, intimidated, and bullied; that his home was entered, his passwords were hacked, he was physically stalked, his hotel accommodations were altered, and his wallet was stolen. (*Id.* at 6-7.) He alleges civil rights violations based on religion-, gender-, race-, and age-based animus. (*Id.* at 10.) Defendants allegedly entered his home over 75 times "stealing info and later scripting locals to make up

1

scenarios that they want to accuse the Plaintiff to have violated the law so they can punish the appellant by intimidating him with lies and false stories." (*Id.* at 9.) Notably, Greene never specifies the time period when any of the actions he complains of allegedly occurred.

Greene also mentions specific defendants, again providing no time frame. For example, he alleges that Defendants Legacy (formerly known as the Arthur Ashe Youth Tennis and Education Center), Eric Williams and Paul J. Furlong illegally assisted Marvin Graaf, Jessica Mellen Graaf, Matthew Craig Fallon, Shawn Murray and Jonathan Edward Stratton to harass, disrupt and help other Defendants to spy on him for reasons of racial animus and to steal his life's work and "concept." (*Id.* at 7.) He alleges that Defendant Michael Brooks, Joan Thomas and Furlong helped Fallon, Graaf and Stratton "use[] the Mayor's office to make it about them to justify the conduct of confidential informants and paying off people to lie, bully and violate the plaintiff's right to pursuit of happiness [and] force their race based agenda and swap the appellants girlfriend a white jewish woman in exchange for a doppleganger." (*Id.* at 8.) Defendants Legacy, Staples, and Xfinity allegedly provided information to other Defendants. (*Id.* at 10.) Marvin Graaf, Joan Thomas, John Thomas, Eric Williams, Oneida Brooks, Jessica Mellen Graaf, Matthew Craig Fallon, Shawn Murray and Jonathan Edward Stratton acted in concert with Paul J. Furlong to give Greene's personal information to others and steal his collection of music, manuscripts, personal property and cable, and Marvin Graaf stole his iPad. (*Id.* at 11.) He alleges that workers employed by PMC Properties unlawfully entered his home. (*Id.* at 12.) The School District of Philadelphia gave out his personal information and stole his property. (*Id.* at 13.) Graaf, Mellen Graaf and Fallon lied about him to his girlfriend and made salacious remarks; Graaf threatened to kill him; and unnamed Defendants "helped their black counter parts extort, misinform, and steal money." (*Id.*)

A review of public records shows that Greene has previously sued many of the same Defendants. *See Greene v. School District of Philadelphia*, Civ. A. No. 17-5444; *Greene v. Sloane*, Civ. A. No. 17-5444. A comparison of the named Defendants in those prior lawsuits and the current Complaint shows that Greene has previously sued **every** one of the 44 individual and entity he names here with the following exceptions: Staples, Florence Anderson, Falls Taproom, Cresheim Valley Grain Exchange, Susan Johnson, Department of Corrections, Michael Greene, Verizon Network, Philadelphia Library, Wilmington Post Office, and Office of Disciplinary Counsel. Notably, the Complaint contains **no** factual allegations against any of the newly named Defendants and, other than list them in the caption, Greene never mentions them in the pleading.

## II.    STANDARD OF REVIEW

The Court grants Greene leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous or malicious. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Greene is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of

4

Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

### A. Claims Against Previously Sued Defendants

Because Greene has previously sued many of the Defendants he has named in this lawsuit, asserting claims that have been previously terminated based on similar factual allegations, the claims against these Defendants are subject to dismissal under § 1915(e)(2)(B)(i) as malicious. The inclusion of nearly identical claims[1] is plainly abusive of the judicial process. Accordingly, the following Defendants are dismissed with prejudice: Marvin Graaf, Jessica Mellen Graaf, Eric Williams, Legacy, Paul J. Furlong, Matthew Craig Fallon, Joan Thomas, Liberti Church (named in Civ. A. No. 3497 as "Liberty Church"), Market Street Village, TD Bank, PMC Properties, Michael Brooks, Onedia Brooks, School District of Philadelphia, Shawn Murray, CVS, Impact Imports, Jonathan Edward Stratton, WalGreenes, Faye Riva Cohen, Todd Berk, Xfinity, Broad Street Ministries, Well Fargo, Kenneth Kapner, Jonathan Van Dusen, East Falls Business District, John Thomas, Michael Purzycki, Wilmington Library, and Comcast SEE (sic, should read "CEO") Bryan Roberts.

---

[1] For example, in Civ. A. No. 17-3497, Greene alleged civil rights violations based, *inter alia*, on the Defendants' having hacked his emails, entered his home, assaulted and cyberstalked him, and stolen his personal information. (*See id.*, ECF No. 2). In Civ. A. No. 17-5444, Greene alleged civil rights violations based, *inter alia*, on the Defendants having cyberstalked him, abused the legal process, engaged in extortion, and made salacious comments. (*See id.*, ECF No. 1.)

5

B. **Claims Against Defendants Not Previously Sued**

As noted, Greene has named as Defendants several individual and entities that he does not appear to have previously sued. However, because the Complaint contains no factual allegations concerning them, it fails to comply with Rule 8. Accordingly, Staples, Florence Anderson, Falls Taproom, Cresheim Valley Grain Exchange, Susan Johnson, Department of Corrections, Michael Greene, Verizon Network, Philadelphia Library, Wilmington Post Office, and Office of Disciplinary Counsel are dismissed pursuant to § 1915(e)(2)(B)(ii).

The dismissal of these Defendants will be without prejudice and Greene will be granted leave to file an amended complaint if he is able to state plausible claims against them. *See* Fed. R. Civ. P. 15(a) (providing that leave to amend the pleadings is generally given freely); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Given Greene's history of litigating in this Court, the following criteria will govern any attempt Greene shall make to amend his pleading:

(1) the new pleading must be entitled "Amended Complaint";

(2) the new pleading must contain a caption listing each Defendant;

(3) the new pleading must be in a continuously numbered paragraph format with each paragraph setting forth one complete allegation against one named Defendant;

(4) once an allegation is completely set forth in one numbered paragraph, it must not be repeated in subsequent paragraphs, other than by incorporating the prior numbered paragraph by reference as needed;

(5) for each named Defendant, Greene must describe how that Defendant acted personally to harm him;

(6) the new pleading may not name as a Defendant any individual or entity Greene has previously sued based on similar factual allegations;

(7) the new pleading must not contain any extraneous material, including but not limited to personal opinions and characterizations;

(8) the new pleading must not refer to "Defendants" collectively, but must specifically state which named Defendants undertook what actions;

(9) the new pleading must contain a short and plain statement of the claim showing that Greene is entitled to relief against each named Defendant, as well as the basis for the Court's jurisdiction;

(10) the new pleading must contain a demand for the relief sought against each named Defendant.

An appropriate Order follows.